IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| POSITIONTECH LLC, a Texas limited Liability company<br><br>   Plaintiff,<br><br>v.<br><br>CARNIVAL CORPORATION, a Florida Profit Corporation<br><br>   Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. <u>1:21cv21361</u><br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Positiontech LLC ("<u>Positiontech</u>" or "<u>Plaintiff</u>"), by and through the undersigned counsel, hereby sues Defendant CARNIVAL CORPORATION ("<u>Carnival</u>" or "<u>Defendant</u>") and alleges as follows:

## THE PARTIES

1. Positiontech is a Texas limited liability company with a place of business located at 312 W. 8th Street, Dallas, Texas 75208.

2. Defendant Carnival is a Florida company with, upon information and belief, a place of business located at 3655 N.W. 87th Avenue, Miami, Florida 33178.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses

of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

6. Venue is proper in this district pursuant to 28 U.S. Code § 1400(b) because upon information and belief Defendant's agents reside in this district and Defendant is a Florida resident entity.

## THE PATENTS-IN-SUIT

7. On June 13, 2006, U.S. Patent No. 7,061,384 (the "'384 patent"), entitled "Positional Information Management System," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '384 patent is attached hereto as Exhibit "A."

8. On November 15, 2005, U.S. Patent No. 6,965,317 (the "'317 patent"), entitled "Positional Information Management System," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '317 patent is attached hereto as Exhibit "B."

9. Positiontech is the assignee and owner of the right, title and interest in and to the '384 and '317 patents, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,061,384

10. Positiontech repeats and realleges the allegations of paragraphs 1 through 9 as if fully set forth herein.

11. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of at least claim 1 of the '384 patent by making, using, importing, offering for sale, and/or selling, positional information management systems, including, but not

limited to, Ocean Medallion paired with Ocean Compass (the "Accused Instrumentality"), because each and every element is met either literally or equivalently.

12.  Upon information and belief, Defendant installed, used and tested the Accused Instrumentality in the United States, directly infringing one or more claims of the '384 patent.

13.  The Accused Instrumentality satisfies each and every element of each asserted claim of the '384 patent, either literally or under the doctrine of equivalents. An exemplary preliminary claim chart illustrating infringement of claim 1 is attached hereto as Exhibit "C," and incorporated herein by reference.

14.  Positiontech is entitled to recover from Defendant the damages sustained by Positiontech as a result of Defendant's infringement of the '384 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,965,317

15.  Positiontech repeats and realleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

16.  Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of at least claim 1 of the '317 patent by making, using, importing, offering for sale, and/or selling, positional information management systems, including, but not limited to, Ocean Medallion paired with Ocean Compass (collectively, the "Accused Instrumentality"), because each and every element is met either literally or equivalently.

17.  Upon information and belief, Defendant installed, used and tested the Accused Instrumentality in the United States, directly infringing one or more claims of the '317 patent.

18. The Accused Instrumentality satisfies each and every element of each asserted claim of the '317 patent, either literally or under the doctrine of equivalents. An exemplary preliminary claim chart illustrating infringement of claim 1 is attached hereto as Exhibit "D," and incorporated herein by reference.

19. Positiontech is entitled to recover from Defendant the damages sustained by Positiontech as a result of Defendant's infringement of the '317 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Positiontech hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Positiontech requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '384 and '317 patents;

B. An award of damages to be paid by Defendant adequate to compensate Positiontech for Defendant's past infringement of the '384 and '317 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Positiontech's reasonable attorneys' fees; and

D. An award to Positiontech of such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

Dated: April 8, 2021

**AINSWORTH + CLANCY, PLLC**
801 Brickell Avenue, 8th Floor
Miami, Florida 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817

By: /s/ Ryan Clancy
Ryan Clancy, Esq.
Florida Bar No. 117650
Email: ryan@business-esq.com
Email: info@business-esq.com

Richard C. Weinblatt DE SB #5080
(*pro hac vice* application to be filed)
Stamoulis & Weinblatt LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
weinblatt@swdelaw.com

*Attorneys for Plaintiff
Positiontech LLC*

5